HARDY, Judge.
This is a suit on open account in which plaintiff seeks judgment in the principal sum of $1,100 allegedly representing the balance due by defendant on the purchase price of a new 1953 model five-passenger Coupe Commander Studebaker automobile. After trial there was judgment in favor of plaintiff, from which defendant has appealed.
The issue here presented involves solely the determination of a question of fact. Plaintiff alleged that on March 17, 1953 he sold and delivered to the defendant, Angus J. McCartney, the automobile described for a total price of $2,338.20 on which amount defendant paid $1,238.20, leaving a balance due of $1,100, “ * * * all as more fully shown by the invoice of said transaction which is attached hereto and made a part hereof.”
Defendant denied liability for the indebtedness alleged by plaintiff and asserted that the amount claimed had been paid by the allowance made by plaintiff on the trade-in of defendant’s 1950 model Studebaker at the time of the purchase of the new 1953 model automobile.
About September, 1951, defendant entered the employ of plaintiff company in the capacity of an automobile salesman, in which employment he remained until some time during the month of September, 1953, when he gave notice of his intention to discontinue his connection with the company, effective October 1, 1953. After this notice it appears that Mr. Bostick, the manager, who was also a partner of plaintiff company, made demand on defendant for the payment of an alleged $1,100 balance on the purchase of a 1953 model Studebaker automobile which had been made on March 17, 1953. In consequence of defendant’s failure -and refusal to pay, this suit was filed in November, 1953. On cross-examination, the manager, Bostick, testified that the invoice attached to plaintiff’s petition was prepared by the bookkeeper; that the attached invoice was taken from the original prepared on March 17, 1953, but that he did not know just when the said copy had been made. During the course of cross-examination the witness was presented with another invoice which was clearly identified as being the document which had been prepared on the date of the transaction, March 17, 1953, and retained in plaintiff’s file under the invoice number 418. The- discrepancies in the two purported invoices are so marked and are of such importance in consideration of the merits of the case that we think- it desirable to set forth the details thereof.
The invoice attached to plaintiff’s petition, bearing no file number, was allegedly dated March 17, 1953, and purported to represent 'a car invoice of the sale of a 1953 Studebaker automobile to Angus J. McCartney. The purported invoice set forth the following details:
“Price of car Extras: $2292.45 ■
Sales tax 45.75
Total Cash Price $2338.20
“Settlement
Cash on delivery $1238.20
Balance due $1100.00
Total $2338.20”
The copy of the invoice identified as having been prepared by the bookkeeper, taken from plaintiff’s files and bearing the-number 418, sets forth the transaction in considera *564 ble detail, describing, item by item, optional equipment and accessories totaling the sum of $516.16. The details of the transaction as shown on this invoice are represented as follows:
“Price of car $2025.00
Transportation charge 125.76
Prep. & Conditioning 190.64
Extras:
Optional Equip. & Acc. 516.16
Less discount 565.11
Sales tax 45.75
Total Cash Price $2338.20
Settlement:
Cash on delivery ' $1180.70
Used car: • 1100.00
Make Stude
Model 5 Pass Cpe
Body Style 1950
Payments:
Account 57.50 •
Total $2338.20”
Also introduced in evidence on behalf of defendant were copy of certificate of title to the 1950 model automobile, which was admittedly delivered to and kept in the possession of plaintiff, and á used car inventory card describing the 1950 model McCartney car and reflecting an inventory cost of $1,100, which card was also in the possession and file of'plaintiff.
Plaintiff’s manager attempted to reconcile these latter described documents with his version of the transaction by explaining that the invoice was prepared for defendant’s convenience in obtaining a bank loan on the automobile, and that the certificate of title was also delivered to and retained by plaintiff as a matter of mutual convenience.
The ledger sheets of defendant’s running account with plaintiff covering a period from February 19th to September 30, 1953, were also introduced in evidence and failed to reflect any entry of the $1,100 balance alleged to have been incurred in the automobile purchase transaction of March 17th, although the ledger entry of the open account charge of $57.50 is shown under date of March 17th.
Defendant’s testimony gives an entirely different picture of the transaction. He testified that the suggestion as to the purchase of a 1953 model car was made by Mr. Bostick, who, understandably,, as a matter of policy, is shown to have preferred his salesmen to drive a late model automobile which, of course, was used for demonstration purposes. Defendant contended that he objected to the proposed transaction on the ground that he could not afford the purchase of a new car until he could make some disposition of his 1950 model automobile; that then the transaction was worked out whereby he was allowed a trade-in credit of $1,100 for his used car; that the said car was placed on plaintiff’s used car lot with other trade-ins, was listed and carried on plaintiff’s used car inventory, and that he considered the transaction closed.
Aside from the testim'ony of plaintiff’s manager there was little supporting testimony of importance or weight. It is evident from the testimony of'the bookkeeper that he knew little about the transaction except instructions received from Mr. Bos-tick. The testimony of another salesman in the employ of plaintiff and of the shop manager, is of a somewhat speculative and inferential nature and deals primarily with their impressions as to the status of ownership of the so-called McCartney car. In this connection it is pertinent to note the fact, which was conclusively established, that it was the custom to refer to plaintiff’s used cars by the names of the former owners. It is therefore obvious that no significance in connection with the issue here involved can be attached to the designation of the used automobile as the McCartney car.
Fully sensible as we are of the importance and weight which is- attached by appellate tribunals to findings on factual issues by the trial court, we are nonetheless firmly convinced in the instant case that our learned brother of the district court has fallen into manifest error in his interpreta- *565 ton and evaluation of the factual issues involved. In our opinion, the record clearly fails to establish plaintiff’s claim and it is evident that the burden of proof has not been, by any means, adequately discharged.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of defendant rejecting plaintiff’s demands at its cost.